Terry *v.* Woods.

## HENRY TERRY *v.* H. C. WOOD.

LOST PAPERS. *Evidence to sustain copies.* Under an order to supply lost papers, the evidence of the clerk of the court, or of the solicitor in the cause, to the fact that the copies presented to the court are true copies of the lost papers is sufficient.

### FROM GIBSON.

Appeal from the Chancery Court. JOHN SOMERS, Chancellor.

CALDWELL & ELDER for complainant.

S. HILL for defendant.

DEADERICK, J., delivered the opinion of the court.

In January, 1872, the bill was filed in the Chancery Court at Trenton to enforce against the purchaser the vendor's lien for a tract of land sold to him, and amended bill was filed in March, 1872, and judgment *pro confesso* entered December, 1872.

While the cause was pending, and before final decree was entered, the papers were unintentionally lost or mislaid, so that they could not be found, as appears from the affidavit of the Clerk and Master and J. M. Elder, one of complainant's solicitors. Copies of the original and amended bills were obtained, and from the rule docket the dates of issuance and returns of summons, and the names of parties on whom service was had, and the name of the officer executing process, were obtained, and these copies of bills, and copies of the process in the case being fully set out in the record, were upon the said affidavits of the loss, and that the supplied papers were substantial copies of those lost, set up and allowed to be substituted for the lost originals.

The defendants demurred, raising the question of the validity of the copies as substitutes for the originals.

The argument is that they are not established by the best evidence; that the evidence of the sheriff as to the fact of service, and his endorsement upon the summons, is better evidence than that of the Clerk and Master or solicitor in the cause.

It is not the fact of actual service of process, that is to be proved under the statute for supplying lost records or papers; but it is the supplying of the papers

as it existed as a record, or as a paper on file in said court. This is done by making a substantial copy of the whole paper and the endorsements thereon, and this may be done and proved by any one who is able to state the required facts, and it is not in the nature of secondary evidence when the party can testify as to whether the copy offered is a substantial copy of the lost paper. The party writing the paper, or endorsing his name upon it, may or may not know or remember whether the copy is correct. His recollection may not be as distinct as that of the solicitor who may have frequently examined it, or of the clerk in whose custody it was.

The evidence adduced we deem sufficient to authorize the copies offered to be substituted for the originals, and the decree of the Chancellor directing the sale of the land for the payment of the purchase money was correct, and will be affirmed.